IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 97-30373
Conference Calendar

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ALFRED SMITH,

                                        Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 95-CR-355-2 and 96-CA-3676-I
- - - - - - - - - - -
October 23, 1997
Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

After he pleaded guilty and was convicted of possession with the intent to distribute cocaine hydrochloride and carrying a firearm in connection with a drug-trafficking offense, Alfred Smith filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence regarding the firearms conviction. He argues that there was insufficient evidence that he "carried" the firearm in relation to a drug offense within the meaning of 18 U.S.C. § 924(c) and that counsel was ineffective.

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because the district court did not grant COA on the issue of counsel's effectiveness, we are precluded from considering the ineffectiveness of counsel claim. Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997)(only those issues for which COA is granted are reviewable on appeal).

We have reviewed the briefs and the record and conclude that there was sufficient evidence to support Smith's conviction under § 924(c). Smith has failed to demonstrate any miscarriage of justice resulting from the district court's denial of his § 2255 motion. United States v. Timmreck, 441 U.S. 780, 784-85 (1979). His appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2.

Smith also argues that the district court erred in denying his motion for bond pending appeal. However, because Smith failed to demonstrate a high probability of success or the existence of exceptional circumstances justifying the grant of bail, the district court did not err in denying his motion. See Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974).

Smith additionally moves this court for leave to conduct discovery. Because his appeal is dismissed, the motion is denied as moot.

APPEAL DISMISSED. MOTION FOR DISCOVERY DENIED AS MOOT.